## Conewago Township Board of Supervisors v. Lower Dauphin School District

*Gerald J. Brinser,* for petitioner.
*Caldwell, Clouser & Kearns,* for respondent.

PER CURIAM, July 16, 1974.—This is a proceeding on the petition of plaintiff for a declaratory judgment, in which defendant school district has filed a motion for summary judgment.

The question to be decided is whether plaintiff township may share with the school district the one percent realty transfer tax for the period of July 1, 1973, to June 30, 1974.

The school district has imposed a one percent realty transfer tax since 1967. On April 9, 1973, the township (which is a member of the school district) enacted an ordinance in which it levied a one percent realty transfer tax, to become effective July 1, 1973. Under these circumstances, the law provides that the realty transfer tax shall not exceed one percent and the political subdivisions levying the tax are required to share it. See Act of December 31, 1965, P. L. 1257, as amended, 53 PS §6908.

The school board is resisting the effort of the Township to collect a portion of the tax for the period from July 1, 1973, to June 30, 1974, because it contends the township did not give the 45-day notice required by law. The township enacted its ordinance on April 9, 1973, and on May 17, 1973, mailed a registered letter to the school district notifying it of the township's ordinance and its intention to share the tax, effective July 1, 1973. This letter was received by the school district on May 21, 1973.

The Local Tax Enabling Act of December 31, 1965, P.L. 1257, provides, in pertinent part, as follows:

"When any one of the above taxes has been levied under the provisions of this act by one political sub-division and a subsequent levy is made . . . for the first time . . . by another political subdivision . . ., the tax of the second political subdivision shall not become effective until the end of the fiscal year for which the *prior tax* was levied, unless:

"(1) Notice indicating its intention to make such levy is given to the first taxing body . . . at least forty-five days prior to the last day fixed by law for the levy of . . . school taxes\*": 53 PS §6908 (Emphasis supplied).

The school district did not receive notice from the township within 45 days of June 30, 1973, and we conclude the township may not share the tax during the period in question.

The township's claim is based on an argument that the words "prior tax" in the act refer to the tax *for the year in which* the second tax is enacted. Under this interpretation, it is suggested that notice is not re-quired because the township is not claiming the tax for any part of the school district's fiscal year in which plaintiff's ordinance was enacted, i.e., July 1, 1972, to June 30, 1973.

We think this reading of the language of the statute is incorrect and that the phrase "prior tax" refers simply to the realty transfer tax that was imposed first, in this case the school district's. Our interpretation of the act is that a second tax is not effective for the ensuing year unless 45 days advance notice is given. A definite time for notice is required so that a school district might have time to amend its

---

\* The last day for the levy of annual school taxes is June 30, Act of March 10, 1949, P. L. 30, as amended, 24 PS §6-672(a).

budget and/or consider alternatives to recoup antici-
pated revenues it will not be receiving.

Our reading of the act is supported by dicta in
the case of Plains Township v. Wilkes-Barre Area
School District, 7 Comm. Ct. 49 (1972). It was held
that, under the circumstances of that case, notice was
not required. The court noted, however, that had no-
tice been required and not been given the township
could not have collected the tax *for the ensuing year.*

One final argument on the matter of notice by the
township is that the school district did not pass its
resolution imposing the tax for the July 1, 1973-74
fiscal year until June 1973, so that on April 9, 1973,
when the township passed its ordinance, it was not
invading a "prior tax" and notice was not required.
This contention, while novel, is rendered moot by
another section of the act which provides:

"Every such tax shall continue in force on a calen-
dar or fiscal year basis, as the case may be, without
annual reenactment, unless the rate of tax is sub-
sequently changed": 53 PS §6904.

There was no need for the school district to adopt
its tax resolution for the year in question and the
tax was "levied" automatically by the above provision,
so that the school district was always the first
body to impose the tax.

Having decided that notice was required, we must
comment on several other contentions of the town-
ship.

First, it is advanced that "notice" was given when
the registered letter was deposited in the mail on
May 17, 1973. Counting this as the first day, the
forty-fifth day would fall on June 30, 1973, and thus
compliance would follow. No authority is cited for
this proposition and we note the act does not provide
for mailing the notice. The act states merely that

notice must be "*given* to the first body by the second body" and we believe that to comply with this language the school district must be in actual receipt of the information. Since this did not occur until four days after mailing, the notice requirement was not fulfilled.

Depositions were taken in which two of the township supervisors testified that several months before the passage of the township ordinance they had discussed the intentions of the township concerning the tax with representatives of the school district. These conversations were not confirmed by the school district personnel and recollection of the township witnesses as to what was said is vague at best. While written notice may not be required by the act, we do not think liability should be predicated on what appears to be, at most, a casual conversation. In our view, the act contemplates some form of definitive notification, either oral or written, and we do not find this in the testimony. The fact that the township mailed a written notice indicates to us that it did not intend any previous conversations to fulfill the notice requirement of the act.

Similarly, we do not believe the legal notices of the township's intentions to enact its tax ordinance comply with the notice requirements. The legal advertising is required to inform the public at large but the burden cannot be placed on the school district to obtain notice of the tax in this fashion. Since a formal communication from the township to the school district cannot be established, we conclude notice was not given.

## ORDER

And now, July 16, 1974, we hold that plaintiff may not share the realty transfer tax for the fiscal

year of July 1, 1973, to June 30, 1974, and summary judgment is entered in favor of defendants. The county controller is directed to pay over to the school district the funds held in escrow.